UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY RAGLIEVICH and ANTHONY KINGSLOW, Individually and in their capacities as Members of BLACKJACK SECAUCUS, LLC and JEFFREY RAGLIEVICH, Individually and in his capacity as a member of 279 PASSAIC STREET, LLC : : : : : : : <br> Plaintiffs : <br> v. : : : <br> LARRY PRESCHEL, MARC MARCHESANI, : <br> LUIS K. JARAMA, CLARE PRESCHEL and : <br> THREE AMIGOS VENTURES, LLC d/b/a : <br> BLACKJACK MULLIGAN'S PUBLIC HOUSE : <br> HAWTHORNE : <br> Defendants. : <br> : | CIVIL ACTION NO._____ <br><br> **VERIFIED COMPLAINT AND JURY DEMAND** |

Plaintiffs, Jeffrey Raglievich and Anthony Kingslow, individually and in their capacities as Members of BLACKJACK SECAUCUS, LLC and Jeffrey Raglievich, individually and in his capacity as a Member of 279 PASSAIC STREET, LLC by their attorneys, The Law Offices of Richard Malagiere, P.C. for their complaint against, LARRY PRESCHEL, MARC MARCHESANI, LUIS K. JARAMA, CLARE PRESCHEL and THREE AMIGOS VENTURES, LLC d/b/a BLACKJACK MULLIGAN'S PUBLIC HOUSE HAWTHORNE, hereby allege as follows:

1. 279 PASSAIC STREET, LLC, doing business as Blackjack Mulligan's Public House, is a New Jersey Limited Liability Company, having a business address at 279 Passaic Street, Garfield, New Jersey 07026 ("Blackjack Mulligan's Garfield").

2. BLACKJACK SECACUS, LLC, doing business as Blackjack Mulligan's Public House, is a New Jersey Limited Liability Company, having a business address at 146 Front Street, Secaucus, New Jersey 07094 ("Blackjack Mulligan's Secaucus").

3. Blackjack Mulligan's Garfield and Blackjack Mulligan's Secaucus when referred to jointly are referred to as "Blackjack Mulligan's Plaintiffs"

4. Plaintiff Jeffrey Raglievich ("Raglievich") is an individual residing at 23 Rustic Way, Freehold, New Jersey 07728. Raglievich is a Member of Blackjack Mulligan's Garfield and Blackjack Mulligan's Secaucus and is filing suit derivatively on their behalf.

5. Raglievich's membership interest in these two entities is not in certificate form and there is no formal operating agreement; instead, his ownership is evidenced by his allocation of profits annually and the agreement and course of dealing of the members.

6. Plaintiff Anthony Kingslow ("Kingslow") is an individual residing at 94 May Street Hawthorne, New Jersey 07506. Kingslow is a Member of Blackjack Mulligan's Secaucus and is filing suit derivatively on its behalf.

7. Kingslow's membership interest in the Secaucus entity is not in certificate form and there is no formal operating agreement; instead, his ownership is evidenced by his allocation of profits annually and the agreement and course of dealing of the members.

8. Upon information and belief, Defendant THREE AMIGOS VENTURES, LLC is a New Jersey Limited Liability Company with a business address at Blackjack Mulligan's Public House Hawthorne, 237 Diamond Bridge Avenue, Hawthorne, New Jersey 07506 ("Three Amigos").

- 3 -

9. Upon information and belief, Defendant LARRY PRESCHEL ("Preschel") is an individual residing at 907 Prince Street, Teaneck, New Jersey 07666. Preschel is a Member of Defendant Three Amigos and is also a Member of Blackjack Mulligan's Garfield.

10. Upon information and belief, Defendant CLARE PRESCHEL ("Clare Preschel") is an individual residing at 907 Prince Street, Teaneck, New Jersey 07666. Clare Preschel is a Member of Defendant Blackjack Mulligan's Secaucus.

11. Upon information and belief, Defendant MARC MARCHESANI ("Marchesani") is an individual residing at 23 Irving Place Woodland Park, New Jersey 07424. Marchesani is a Member of Defendant Three Amigos and is also a Member of Blackjack Mulligan's Secaucus.

12. Upon information and belief, defendant LUIS K. JARAMA ("Jarama") is an individual residing at 129 Red Twig Trail Bloomingdale, New Jersey 07403. Jarama is a Member Defendant Three Amigos.

## JURISDICTION AND VENUE

13. This is a Civil Action arising under the Federal Trademark Act of 1947, as amended, 15 U.S.C. § 1051, *et. seq.*, the common law of the State of New Jersey, the New Jersey Unfair Competition Act, N.J.S.A. § 56:4-1, *et. seq.*, and the New Jersey Trademark Act, N.J.S.A. § 56:3-13.1a, *et seq.* This Court has subject matter jurisdiction under the provisions of 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Defendants are located within, and are transacting and doing business within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL CAUSES OF ACTION

14. The Blackjack Mulligan's Plaintiffs own and operate two very successful bars and restaurants, the original one in Garfield and a second location in Secaucus.

15. The Blackjack Mulligan's Plaintiffs have used the mark BLACKJACK MULLIGAN'S PUBLIC HOUSE since at least as early as December 2012 to distinguish their restaurant and bar services.

16. Through its extensive sales and advertising, The Blackjack Mulligan's Plaintiffs have developed extensive good will in New Jersey and beyond with respect to the mark BLACKJACK MULLIGAN'S PUBLIC HOUSE.

17. Blackjack Mulligan's Garfield was organized and formed for the purpose of opening and operating the restaurant and bar located at 279 Passaic Street, Garfield, New Jersey under the name BLACKJACK MULLIGAN'S PUBLIC HOUSE and has been doing business as BLACKJACK MULLIGAN'S PUBLIC HOUSE continuously since that time.

18. Blackjack Mulligan's Garfield was a quick success and inspired the owners to open a second location at 146 Front Street, Secaucus, New Jersey.

19. Blackjack Mulligan's Secaucus was organized and formed for the purpose of opening and operating the restaurant and bar located at 146 Front Street, Secaucus, New Jersey under the name BLACKJACK MULLIGAN'S PUBLIC HOUSE and has been doing business as BLACKJACK MULLIGAN'S PUBLIC HOUSE continuously since that time.

20. Blackjack Mulligan's Garfield and Blackjack Mulligan's Secaucus share menu design and look, coordinated website messaging and cross referencing, offer the same food and

drink specials (e.g., Prime Rib Tuesday, Wing Wednesday) and offer for sale the same apparel (e.g., shirts, hats).

21. The Blackjack Mulligan's Plaintiffs' bar and restaurant services at both locations are promoted under the name BLACKJACK MULLIGAN'S PUBLIC HOUSE.

22. The Blackjack Mulligan's Plaintiffs' mark BLACKJACK MULLIGAN'S PUBLIC HOUSE has achieved widespread notoriety throughout the tri-state area.

23. Defendants are direct competitors of Blackjack Mulligan's Plaintiffs and market and operate a bar and restaurant in Hawthorne, New Jersey at 237 Diamond Bridge Avenue under the name BLACKJACK MULLIGAN'S PUBLIC HOUSE which the Defendants opened years after the Blackjack Mulligan's Plaintiffs began operations and use of the name BLACKJACK MULLIGAN'S PUBLIC HOUSE.

24. Two of the members of Defendant Three Amigos, Preschel and Marchesani, are also members of the Blackjack Mulligan's Plaintiffs or either of them and, therefore, have full knowledge of the Blackjack Mulligan's Plaintiffs' exclusive rights to use the name BLACKJACK MULLIGAN'S PUBLIC HOUSE in connection with restaurant and bar services.

25. Defendant Clare Preschel is the wife of Preschel and a member of Blackjack Mulligans Secaucus and as such has complete and full knowledge of the Blackjack Mulligan's Plaintiffs' exclusive rights to use the name BLACKJACK MULLIGAN'S PUBLIC HOUSE in connection with restaurant and bar services.

26. Defendants have not sought nor have they received permission from the Plaintiffs to use the name BLACKJACK MULLIGAN'S PUBLIC HOUSE in their venture which is not sponsored or authorized by Plaintiff.

27. After Defendants had opened their competing restaurant using Plaintiffs 'trademark and other indica of ownership without Plaintiffs' permission or authorization, Defendants Preschel and Marchesani approached the Plaintiffs and asked them to consider participating in Defendants' new venture. The Plaintiffs indicated they were open to considering terms and asked for a specific proposal from Defendants Preschel and Marchesani which proposal was neither put forward by the Defendants nor received by the Plaintiffs.

28. Defendants are deceiving and misleading consumers by not only using the Blackjack Mulligan's Plaintiffs' mark but by also expressly and falsely promoting Defendants' bar and restaurant in Hawthorne as being affiliated with the Blackjack Mulligan's Plaintiffs' locations in Garfield and Secaucus and by copying many of the plaintiffs' indicia or ownership such as menu design and look, website messaging, naming of specials for food and drink items and sale of promotional items such as shirts and hats.

29. Defendants' false statements to consumers are made willfully, maliciously and with complete disregard for the rights of Blackjack Mulligan's Plaintiffs.

30. Defendants are using a mark identical to Blackjack Mulligan's Plaintiffs' mark, to trade on the Blackjack Mulligan's Plaintiffs' goodwill, to deceive customers and to cause damage to the Blackjack Mulligan's Plaintiffs' reputation, which reputation has been built up over many years through Plaintiffs' sales, advertising and marketing efforts and through which Plaintiffs and Plaintiffs' mark have become well-known in the field for excellence and quality.

31. Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, Raglievich and Kingslow have attempted to convince Preschel and Marchesani to cease their infringing activities which are harming Blackjack Mulligan's trademark rights in order to resolve the claims of Blackjack Mulligan's against Preschel and Marchesani and Three Amigos without recourse to litigation.

32. Specifically, on or about January 20, 2021 counsel for the plaintiffs' sent an e-mail to the individual defendants making an entreaty for an organized separation of the various businesses and a reasonable royalty for the continued use of the trademark.

33. Further, on or about April 28, 2021, counsel for the Plaintiffs sent a demand letter via e-mail to the defendants requesting a meeting with them and their attorneys to resolve this derivative action before litigation.

34. However, despite having full knowledge of the Blackjack Mulligan's Plaintiffs' prior rights, and the likelihood of confusion that necessarily stems from Defendants' unauthorized use of the BLACKJACK MULLIGAN'S PUBLIC HOUSE trademark, Defendants have rejected Plaintiffs' entreaties, necessitating this action.

35. The Plaintiffs state this action is not a collusive one to confer jurisdiction on the court that it would not overwise have.

## COUNT I
## FALSE DESIGNATION OF ORIGIN

36. The Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 35 hereof with the same force and affect as if set forth herein at length.

37. Defendants' use of the name BLACKJACK MULLIGAN'S PUBLIC HOUSE tends to falsely represent that Defendants are connected with or that Defendants' activities are

authorized by the Plaintiffs and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods, or services, or commercial activities by Plaintiffs. Any failure of Defendants to maintain acceptable standards of quality and service will reflect adversely on Plaintiffs and cause irreparable harm to Plaintiffs.

38. The Plaintiffs have no control over the quality of the goods or services sold or offered for sale by Defendants, and because of the confusion as to the source engendered by Defendants, Plaintiffs' valuable good will in respect of its trademark is at the mercy of Defendants.

39. Said actions of Defendants constitute a violation of 15 U.S.C. § 1125(a) in that such false designations and representations of origin and quality have been and continue to be used on or in connection with goods sold and services offered by Defendants or which affect commerce.

40. Defendants' false designation of origin and quality has caused substantial and irreparable damage and injury to Plaintiffs, for which Plaintiffs has no adequate remedy at law.

41. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs' trademark.

42. Defendants have caused and are likely to continue to cause substantial injury to Plaintiffs.

43. Due to Defendants' actions alleged herein, the Plaintiffs are entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, statutory damages, disgorgement of profits, attorney's fees and costs under 15 U.S.C. §1114, §1116 and §1117, as well as any other relief the Court deems just and equitable.

**COUNT II**
**DILUTION**

44. The Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 43 hereof with the same force and affect as if set forth herein at length.

45. Defendants' actions constitute a violation of 15 U.S.C. § 1125(c) in that such use of BLACKJACK MULLIGAN'S PUBLIC HOUSE has caused and will continue to cause dilution of the distinctive quality of the Blackjack Mulligan's Plaintiffs' mark BLACKJACK MULLIGAN'S PUBLIC HOUSE.

**COUNT III**
**COMMON LAW UNFAIR COMPETITION**

46. The Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 45 hereof with the same force and affect as if set forth herein at length.

47. This count arises under the New Jersey Common Law of Unfair Competition. Jurisdiction is supplemental to Count I pursuant to U.S.C. § 1367.  Venue is proper in this district under 28 U.S.C. § 1391.

48. The Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 45 hereof with the same force and affect as if set forth herein at length.

49. Defendants' use of BLACKJACK MULLIGAN'S PUBLIC HOUSE is in violation of the New Jersey Common Law of Unfair Competition and is likely to cause confusion, mistake or to deceive the public.

50. Defendants' unlawful conduct will continue to damage Plaintiffs unless enjoined by this court.  Plaintiffs have no adequate remedy at law.

51. Due to Defendants' actions alleged herein, the Plaintiffs are entitled to judgment awarding it preliminary and injunctive relief, treble damages, disgorgement of profits, attorneys' fees, costs, and punitive damages, as well as any other relief the Court deems just and equitable.

### COUNT IV
### NEW JERSEY STATUTORY UNFAIR COMPETITION

52. The Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 51 hereof with the same force and affect as if set forth herein at length.

53. The Defendants' use of the name BLACKJACK MULLIGAN'S PUBLIC HOUSE in connection with the sale and marketing of goods and services constitutes appropriation of Plaintiff's trademark, reputation and good will in direct violation of the New Jersey Unfair Competition Act, N.J.S.A. § 56:4-1.

54. The activities of Defendants alleged herein have caused and, if not enjoined, will continue to cause, irreparable harm to the rights of Plaintiffs. The Plaintiffs have no adequate remedy at law.

55. Due to the actions of Defendants alleged herein, the Plaintiffs are entitled to judgment awarding it preliminary and injunctive relief as well as any other relief the Court deems just and equitable.

### COUNT V
### NEW JERSEY TRADEMARK ACT

56. The Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 55 hereof with the same force and affect as if set forth herein at length.

57. Defendants' use of BLACKJACK MULLIGAN'S PUBLIC HOUSE in connection with its sales and marketing of goods and services constitutes appropriation of the Plaintiffs' trademark in direct violation of the New Jersey Trademark Act, N.J.S.A. § 56:3-13.16.

58. The activities of Defendants alleged herein have caused and, if not enjoined, will continue to cause, irreparable harm to the rights of the Plaintiffs. The Plaintiffs have no adequate remedy at law.

59. Defendants acted willfully and knowingly in their violation of New Jersey State Law.

60. Due to Defendants' actions alleged herein, the Plaintiffs are entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, attorney's fees and costs, as well as any other relief the Court deems just and equitable.

WHEREFORE, the Plaintiffs pray for judgment that:

(a) Defendants have, by their unauthorized use of a mark identical to and confusingly similar to Plaintiffs' trademark, used and applied false designations of origin, diluted the distinctive quality of Plaintiffs' trademark, competed unfairly with the Plaintiffs and have injured Plaintiffs' good will and business reputation, in violation of Federal and State Law and have done so willfully all to the detriment of the Plaintiffs.

(b) Defendants, their agents, servants, employees, successors and assigns and all persons in active concert, privity, or participation with Defendants, be preliminarily and permanently enjoined from using any false designation or false description or representation, from engaging in any act or series of acts which either alone or in combination constitutes deceptive or unfair methods of competition by Defendants with Plaintiffs and from otherwise interfering with

or injuring the business reputation of Plaintiffs, or diluting the distinctive quality of the Plaintiffs' trademark or the good will associated therewith.

(c) Defendants be required to account for and pay over to Plaintiffs, Defendants' profits and any damages suffered by Plaintiffs as a result of Defendant's acts of false designation of origin, and unfair competition, together with interest and costs.

(d) Defendants be required to pay to Plaintiffs an amount three times the profits of Defendants or damages of Plaintiffs.

(e) Defendants be required to pay an award of statutory damages to Plaintiffs.

(f) Defendants be required to cease all use of the mark BLACKJACK MULLIGAN'S PUBLIC HOUSE or any mark confusingly similar to Plaintiffs' trademarks.

(g) Defendants be ordered to surrender for destruction all products, signs, labels, advertisements and other materials constituting infringement of Plaintiffs' trademarks.

(h) Defendants be required to pay Plaintiffs the costs of this action, together with reasonable attorney's fees, costs and disbursements.

(i) Plaintiffs be awarded such other and further relief, as this Court deems just and equitable.

THE LAW OFFICES OF RICHARD MALAGIERE, PC.

Dated:  May 7, 2021

By: s/ Richard Malagere
Richard Malagiere
rm@malagierelaw.com
Leonard E. Seaman
les@malagierelaw.com
250 Moonachie Road, Suite 102
Moonachie, New Jersey 07074
Attorneys for Plaintiffs

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs demand a trial by jury on all facts so triable.

THE LAW OFFICES OF RICHARD MALAGIERE, PC.

Dated:  May 7, 2021

By: s/ Richard Malagere
    Richard Malagiere
    rm@malagierelaw.com
    Leonard E. Seaman
    les@malagierelaw.com
    250 Moonachie Road, Suite 102
    Moonachie, New Jersey 07074
    Attorneys for Plaintiffs

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the Plaintiffs certify that the matter in controversy in this action is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

THE LAW OFFICES OF RICHARD MALAGIERE, PC.

Dated:  May 7, 2021

By: s/ Richard Malagere
    Richard Malagiere
    rm@malagierelaw.com
    Leonard E. Seaman
    les@malagierelaw.com
    250 Moonachie Road, Suite 102
    Moonachie, New Jersey 07074
    Attorneys for Plaintiffs

## VERIFICATION

Jeffrey Raglievich, hereby verify that:

1. I am a Plaintiff in this matter.

2. I have reviewed the foregoing verified complaint.

3. I verify under penalty of perjury that the facts set forth in the Verified Complaint are true and correct to the best of my knowledge.

Executed on May 7, 2021 in Moonachie, New Jersey

*Jeffrey Raglievich*
Jeffrey Raglievich (May 8, 2021 07:37 EDT)

Jeffrey Raglievich

## VERIFICATION

Anthony Kingslow, hereby verify that:

1. I am a Plaintiff in this matter.

2. I have reviewed the foregoing verified complaint.

3. I verify under penalty of perjury that the facts set forth in the Verified Complaint are true and correct to the best of my knowledge.

Executed on May 7, 2021 in Moonachie, New Jersey

Anthony Kingslow (May 7, 2021 16:26 EDT)

Anthony Kingslow